[No. 15421.  In Bank.—January 4, 1895.]

J. E. RUCKER ET AL., APPELLANTS, v. SAMUEL HALL ET UX., RESPONDENTS.

REAL ESTATE BROKERS—CONTRACT FOR COMMISSIONS—ALTERNATIVES—PLEADING — ELECTION OF COUNTS — SINGLE SUBJECT OF ACTION. — Where real estate brokers made a written contract for the sale of lands through their agency, for a specified commission, in which the owner of the land agreed that if he found a purchaser independent of the real estate agents, or withdrew the property from the sale, he was to pay one-half of the specified commission, in an action upon the contract, the complaint in which sets up two causes of action, one based upon an alleged sale of the property by the owner, entitling plaintiffs to one-half of the commission, and the second based upon the first clause of the

contract alleging that plaintiffs being ignorant of the sale by the owner, thereafter found a purchaser and notified the owner thereof, who refused to convey to such purchaser, both causes of action are based upon the same contract, and the facts might properly have been set forth in a single count, the subject of the action being the recovery of the commissions under a single contract for the payment thereof at a certain rate under one set of circumstances, and a different rate under different circumstances, and it is error for the court to require the plaintiffs to elect between the counts, and to rely upon one count only.

ID.—AVERMENT OF FACTS WITHIN KNOWLEDGE OF DEFENDANT—COUNTS.— Where the facts are peculiarly within the knowledge of the defendant, and cannot be certainly known to the plaintiffs, as to the precise nature and limits of defendant's liability, before the evidence is all in, the plaintiff may state his cause of action variously in different counts of the complaint, and should not be compelled to elect upon which count he will proceed.

ID.—SALE BY OWNER OF PROPERTY—LEASE—OPTION TO PURCHASE. — Where the owner of the property, during the time limited by the contract of agency, executed a lease for a term of five years, with the sole and exclusive privilege to the tenant to purchase the property, such lease, with the privilege of purchasing, constitutes a sale of the property, or a withdrawal of the property from the sale, within the meaning of the contract of agency, entitling the brokers to recover one-half of the specified commission.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a new trial.

The facts are stated in the opinion.

*Jackson Hatch*, for Appellants.

*Lloyd & Wood*, and *J. G. Maguire*, for Respondents.

HAYNES, C.—The plaintiffs were real estate brokers at San Jose, doing business as J. E. Rucker & Son. The defendant, Mary Hall, in writing, appointed the plaintiffs her agents for the sale of certain lands, and which authorization contained the following clauses: " The said J. E. Rucker & Son shall have complete control of all sales to purchasers furnished by them, or through their agency, and I agree, in case I shall sell or dispose of such property to any customer furnished by said J. E. Rucker & Son, to pay them three per cent commission on such sales.

" Should I find a purchaser independent from said J. E. Rucker & Son, or withdraw the property from sale,

I agree to pay the said J. E. Rucker & Son one-half of the above commission as compensation for their services in advertising," etc.

This contract and appointment was made August 24, 1886, and was "to run for one year and thereafter until withdrawal of same in writing."

This action was brought to recover commissions under said instrument. The complaint contained two counts, the first based upon the second clause above quoted, alleging a sale by Mrs. Hall, made January 11, 1887, and claiming one-half of three per cent commission, amounting to three hundred dollars; and the second count was based upon the first clause, alleging that plaintiffs, being ignorant of the sale above mentioned on the twenty-fourth day of August, 1887, found a purchaser, and notified Mrs. Hall thereof, but that she refused, etc.

The defendants answered each cause of action, specifically denying each allegation of the complaint. The cause was tried by the court without a jury, and findings and judgment went for defendants, and this appeal is from an order denying plaintiffs' motion for a new trial.

Before any evidence was offered plaintiffs were required by the court, upon defendants' motion, to elect upon which of the two counts contained in the complaint they would offer evidence and rely for judgment, upon the ground that said counts required different testimony; that evidence which would support one would not support the other. Plaintiffs excepted to the order, and elected to rely upon the first count, and offered no evidence under the second count.

The first cause of action was based upon an alleged sale of the property by Mrs. Hall in January, which, if made, entitled the plaintiffs to one-half of the commission they were to receive in case of a sale made by themselves, Mrs. Hall having retained the right to sell to purchasers not furnished by plaintiffs.

The second cause of action was based upon a sale made by plaintiffs in accordance with the terms of their

contract with Mrs. Hall, which would have entitled them to full commissions. This sale was alleged to have been made in ignorance of the alleged sale by Mrs. Hall some seven months before, and which it is alleged Mrs. Hall concealed from them.

Plaintiffs' right to recover under the first cause of action depended upon the fact of a sale having been made by Mrs. Hall. If such sale had in fact been made, their right to recover was clear; while, if no sale had been made by Mrs. Hall, they would as clearly have been entitled to full commissions upon proof of the facts alleged in the second count or cause of action.

These causes of action were based upon the same contract, and upon the face of the complaint it would appear clear that the plaintiffs were entitled to recover upon one or the other, according as the proof might be.

The allegation of a sale by Mrs. Hall in January was based, as appears from the evidence on the part of the plaintiffs, upon a lease for the term of five years, " with the sole and exclusive privilege of purchasing" the same property upon payment of the sum of nineteen thousand dollars, Mrs. Hall agreeing to accept payments at any time of one thousand dollars or more, but no conveyance to be executed until at least five thousand dollars had been paid. This lease and agreement further provided that the lessees should pay rent for the premises at the rate of one hundred and twenty-five dollars per month, payable quarterly in advance, and, in default of such payment of any installment of rent for thirty days after it became due, the right to purchase the lands should terminate, and the lessor, the defendant here, should " have the right to claim an abandonment thereof."

Whether the lessees had made payments entitling them to a conveyance, or whether a conveyance had in fact been made, or whether they had forfeited the right to purchase, and, if so, whether Mrs. Hall had exercised the right to claim an abandonment of the contract of

purchase under the terms of the contract, were facts peculiarly within the knowledge of the defendant, and which could not be certainly known to the plaintiffs. The subject of the action was the recovery of commissions under a single contract for the payment thereof at a certain rate under one set of circumstances, and at a different rate under different circumstances. I think all the facts might properly have been stated in a single count, as, under those facts, the ultimate question was as to the amount of commissions to which the plaintiffs were entitled; but the defendant could not have been prejudiced by the more logical and technical mode of pleading adopted by the plaintiffs. The uncertainty as to the facts above noticed justified that mode of pleading, and the court erred in requiring the plaintiffs to elect between the counts, and to rely upon one only. ( *Wilson* v. *Smith,* 61 Cal. 209; *Sadler* v. *Olmstead,* 79 Iowa, 121; *Longprey* v. *Yates,* 31 Hun, 432; *Blank* v. *Hartshorn,* 37 Hun, 101; *Whitney* v. *Chicago etc. Ry. Co.,* 27 Wis. 327.) In the case last cited it was held that, where the plaintiff cannot know before the evidence is all in the precise nature and limits of defendant's liability to him, he may state his cause of action variously in different counts of the complaint, and should not be compelled to elect upon which he will proceed.

The court found that plaintiffs accepted the said contract or authorization orally, and advertised said property for sale, but did not perform any other covenant or condition therein agreed by them to be performed.

So far as the first cause of action is concerned, and upon that alone the cause was tried, the latter part of the finding is outside of any issue, since, by the contract, if Mrs. Hall sold the property to a purchaser not procured by plaintiffs, she was to pay one-half commissions as a compensation for advertising. The finding is therefore that, so far as their right to recover upon that count is concerned, they fully performed the contract on their part.

The fifth finding is not justified by the evidence, in so far as it finds that Mrs. Hall did not find a purchaser or sell the property while her agreement with plaintiff was in force.

It is true the lease for five years, with the exclusive privilege of purchasing, did not bind the lessee to purchase, but Mrs. Hall bound herself to sell to the lessees at any time during the continuance of the lease, and to convey upon payment of five thousand dollars of the purchase money. She thus placed it out of her power to complete any sale plaintiffs might make for the space of five years, or forever, as the case might be.

Such contracts must have a reasonable construction. The transaction must be considered as to its effect upon her contract with the plaintiffs, and not simply as to whether she had made a contract of sale such as she could in any event enforce against a purchaser. This is apparent from the further provision of the contract with the plaintiffs, that, if she should withdraw the property from sale, she was bound to pay plaintiffs the same commission as though she had made a sale to an independent purchaser. If the fifth finding had set out the lease with the contract therein giving the lessee the exclusive privilege of purchasing for the period of five years it would have required, as a conclusion of law, that plaintiffs were entitled to recover under the first count. The latter part of that finding, to the effect that Mrs. Hall is not indebted, etc., is a conclusion of law.

The eighth finding is against the plaintiffs upon the second cause of action, upon which they were not permitted to offer any evidence, and which was not tried.

Some other questions are discussed by appellant, but they need not now be considered. No brief was filed by respondent.

The order denying a new trial should be reversed and a new trial ordered.

SEARLS, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the order denying a new trial is reversed, with directions to set aside the order requiring the plaintiffs to elect between the causes of action stated in the complaint, and a new trial is ordered.

DE HAVEN, J.,    GAROUTTE, J.,
FITZGERALD, J.,    HARRISON, J.,
McFARLAND, J.,    VAN FLEET, J.