[S. F. No. 1465.   Department One. — February 28, 1901.]

## JEROME NEWMAN, Appellant, v. OVERLAND PACIFIC RAILWAY COMPANY, Respondent.

132   73
139   659
132   73
141   175
e141  621
132   73,
148   428
132   73
149   134

ORDER GRANTING NEW TRIAL — POWER AND DUTY OF SUPERIOR COURT — CONFLICTING EVIDENCE — REVIEW UPON APPEAL. — The superior court has power, and it is its duty, to grant a motion for new trial, made for insufficiency of the evidence to justify the decision, whenever, in its opinion, the evidence was insufficient for that purpose; and its discretion to grant a new trial on that ground is not open to review upon appeal from its order, if there is any appreciable conflict in the evidence.

ID. — MOTION UPON SEVERAL GROUNDS — CONSTRUCTION OF ORDER — PRESUMPTION. — Where the motion was made upon other grounds, as well as for insufficiency of the evidence to justify the decision, if the order granting a new trial does not expressly exclude the latter ground, it will be presumed, upon appeal, in favor of the action of the court, that its order was made upon that ground.

ID. — OPINION DISCUSSING GROUNDS. — The fact that, at the time of making the order, the court filed an opinion in support of its action in granting the new trial, wherein it discusses one or more of the grounds presented, and does not discuss the evidence, cannot affect the presumption that it deemed the evidence insufficient.

ID. — EVIDENCE OF ACTION OF COURT — ORDER ENTERED IN MINUTES — REASONS GIVEN. — The order of the court entered upon its minutes is the only evidence of the action of the court in granting the new trial, and such order is to be measured by its terms, and not by the reasons which the court may give for it. The order will not be deemed limited by any opinion filed, unless an intention to limit the order is expressed therein.

APPEAL from an order of the Superior Court of the City and County of San Francisco granting a new trial.   John Hunt, Judge.

The facts are stated in the opinion of the court.

A. Morgenthal, for Appellant.

Henley & Costello, for Respondent.

HARRISON, J. — The above cause was tried by the court without a jury, and upon the findings of fact made by it, judgment was rendered in favor of the plaintiff.   The defendant

afterwards moved for and obtained an order granting a new trial. From this order the plaintiff has appealed.

In defendant's notice of motion it designated as the grounds upon which the motion would be made, "insufficiency of the evidence to justify the decision," and "errors of law occurring at the trial." Specifications of particulars wherein it was claimed that the evidence was insufficient, and of various errors of law upon which the defendant relied, were made in the statement of the case which was afterwards filed, and upon which the motion was heard. After hearing the motion, the court made the following order: "In this action the motion for a new trial herein having been heretofore submitted to the court for consideration and decision, and now the court having fully considered the same, it is ordered by the court that the said motion be and the same is hereby granted." In the minutes of the court the clerk added, immediately after the above order, the words, "(Opinion filed)." On the same day the following opinion was filed: "In view of the rule laid down in *Pauly* v. *Pauly*, 107 Cal. 18,[1] and in *Golinsky* v. *Allison*, 114 Cal. 461, it would seem that Hunt had no power to bind the corporation defendant by executing the notes in question, and on the authority of those cases the motion for new trial is granted."

The rule is firmly established that the superior court is not only authorized, but that it is its duty, to grant a new trial whenever, in its opinion, the evidence upon which the former decision was made was insufficient to justify that decision. Its action in granting a new trial upon this ground is so far a matter within its discretion that, if there is any appreciable conflict in the evidence, it is not open to review in this court (*Kauffman* v. *Maier*, 94 Cal. 269; *Domico* v. *Casassa*, 101 Cal. 411; *Harrison* v. *Sutter Street Railway Co.*, 116 Cal. 156); and when this is made one of the grounds of the motion, although other grounds are also presented, if the order does not by direct language exclude this from the grounds upon which the motion is granted, it will be assumed that it was one of the grounds for making the order, and the order will accordingly be affirmed. This rule rests upon the proposition that error is to be affirmatively shown and will not be presumed; that if the order is in general terms, and can be sustained upon any of the grounds presented therefor, it will be assumed here, in its support, that

[1] 48 Am. St. Rep. 98.

it was made upon that ground.   This rule of procedure is not affected by the fact that at the time of making the order the court files an opinion in support of its action, wherein it discusses one or more of the grounds presented.   The order which is entered in the minutes is the only record of the court's action, and is to be measured by its terms, and not by the reasons which the court may give for it.

In the present case, the order, being that "the motion be and the same is hereby granted," is unqualified in its terms, and we cannot indulge in conjecture as to the grounds upon which it was made.   If the court had intended to limit the grounds for making the order to the principles of law given in the cases cited in its opinion, it should have expressed this intention in its order.   There is nothing in the terms of the order to indicate that it may not have been made upon the consideration that the evidence was insufficient under these cases to establish the authority of Hunt.   One of the questions controverted at the trial was, whether Hunt, at the time he incurred the liability for which he gave the notes set forth in the complaint, was acting in behalf of the defendant or of another corporation, of which he was president, and it may be that the court, upon a review of the entire evidence in reference thereto, was of the opinion that it had erred.

The order is affirmed.

Garoutte, J., and Van Dyke, J., concurred.

Hearing in Bank denied.