[Civ. No. 978.   Third Appellate District.—November 14, 1912.]

## H. BRIGGS, Appellant, v. A. J. HALL, Respondent.

ORDER GRANTING NEW TRIAL—REVIEW UPON APPEAL—LIMITATION IN ORDER.—It is only in rare instances, and upon very strong grounds, that an appellate court will set aside an order granting a new trial. Even though the order declares that the motion is granted for one or more reasons only, the appellate court is not precluded from considering any other assigned ground upon which the motion should have been granted, subject only to the limitation that the trial court may restrict the order granting the motion, so as to exclude as a ground of its action, the insufficiency of the evidence; but such exclusion, to be effectual, must be declared in the order itself.

ID.—REVIEW OF INSUFFICIENCY OF EVIDENCE—GROUND NOT DIRECTLY EXCLUDED — PRESUMPTION — ESTABLISHED RULE — DISCRETION — CONFLICTING EVIDENCE.—Where insufficiency of the evidence is one of the grounds of the motion for new trial and the order does not in direct language exclude this as a ground for granting the motion, it will be assumed that it was one of the grounds upon which the order was made, and the order will be affirmed, if the evidence was conflicting, under the established rule that the superior court is not only authorized, but that it is its duty to grant a new trial whenever, in its opinion the evidence upon which a former decision was made was insufficient to justify the decision. Its action in granting a new trial upon this ground is so far a matter within its discretion that if there is any appreciable conflict in the evidence, it is not open to review upon appeal.

ID.—TEST OF ERROR IN CORRECT INSTRUCTIONS MISLEADING JURY— GROUND FOR NEW TRIAL.—The test of error in correct instructions is whether they are misleading. If instructions correct, as abstract propositions, may have misled the jury, a new trial may be granted on that ground.

ID.—CONTRACT OF SALE THROUGH BROKERS—RESTRICTION UPON OWNER— CONFLICTING EVIDENCE—TRIAL JUDGE NOT BOUND BY VERDICT.— In an action to recover a broker's commission, under a contract for the sale of land which provided that if the land was sold by the owner for a less sum than the contract price, without the consent of the brokers during the life of the contract, they would be entitled to their full commissions, but that he could sell for the full contract price without the agency of the brokers, for a less commission specified, and the evidence as to the price at which the owner sold the land was conflicting, a verdict in favor of the brokers for the full commissions, was not conclusive upon the trial court, which

could grant a new trial on the ground that the verdict was not supported by the evidence. .

ID.—HEARSAY EVIDENCE—CONVERSATION OF PLAINTIFF WITH PURCHASER FROM OWNER—SALE FOR LESS THAN CONTRACT PRICE—PREJUDICIAL ERROR.—Where the plaintiff in such action was permitted over objection to testify to a conversation with one who had agreed to purchase from the defendant owner, and had made a deposit thereon, in which he said "he would like to have bought the place from us, but he done a little better in dollars and cents," such conversation had no relevance to efforts by the agents to secure a purchaser, but involved a hearsay declaration, which might have been considered by the jury as evidence of a sale for less than the contract price, to the prejudice of the defendant owner.

ID.—RECORD SUSTAINING ORDER GRANTING NEW TRIAL.—As the record appears, it is held that the appellate court cannot say that there is no legal warrant for the order of the trial court granting a new trial, and that it must be affirmed.

APPEAL from an order of the Superior Court of Sonoma County granting a new trial. Thos. C. Denny, Judge.

The facts are stated in the opinion of the court.

L. G. Scott, and T. J. Butts, for Appellant.

Perrier & Libby, for Respondent.

BURNETT, J.—This is an appeal from an order granting defendant's motion for a new trial. The action was brought to recover an agent's commission for the sale of real property. The jury found in favor of plaintiff and the court awarded a new trial, making the following order: "In this action a new trial is ordered upon the ground that instruction number six as well as other instructions to the same point is not covered by the issues raised in the pleadings. It was also error of the court to admit evidence on that point but the court was of the opinion when it admitted the evidence and gave the instructions that there was a count in the complaint that permitted it so to do."

It has been said that "it is only in rare instances and upon very strong grounds that the supreme court will set aside an order granting a new trial." (*Quinn* v. *Kenyon,* 22 Cal. 82.)

It is also true, as stated in *Morgan* v. *Robinson Co.,* 157 Cal. 352, [107 Pac. 697], that "Even though the order declare in terms that the motion is granted for one or more reasons only, the appellate court is not precluded from considering any other assignment upon which the motion should have been granted. (*Kauffman* v. *Maier,* 94 Cal. 269, [18 L. R. A. 124, 29 Pac. 481].) This rule is subject to the one limitation that the trial court may limit its order granting the motion so as to exclude, as a ground for its action, the insufficiency of the evidence (*Weisser* v. *Southern Pacific Ry. Co.,* 148 Cal. 426, [7 Ann. Cas. 636, 83 Pac. 439]), but such exclusion, to be effectual, must be declared in the order itself. (*Weisser* v. *Southern Pacific Ry. Co.,* 148 Cal. 426, [7 Ann. Cas. 636, 83 Pac. 439]) ; *Ben Lomond Wine Co.* v. *Sladky,* 141 Cal. 619, [75 Pac. 332] ; *Newman* v. *Overland Pac. Ry. Co.,* 132 Cal. 73, [64 Pac. 110].) "

In the notice of motion for a new trial and in the "statement to be used on said motion" are found specifications of error in relation to rulings of the court in admitting evidence, the insufficiency of the evidence to support the verdict and the giving of various instructions to the jury. We may consider any of these assignments with the exception, possibly, of the insufficiency of the evidence. We speak of the last with some hesitancy because of the declaration made in *Newman* v. *Overland Pac. Ry. Co.,* 132 Cal. 74, [64 Pac. 110], that "when this is made one of the grounds of the motion, although other grounds are also presented, if the order does not by direct language exclude this from the grounds upon which the motion is granted, it will be assumed that it was one of the grounds for making the order, and the order will accordingly be affirmed." In the case at bar the said ground is not "by *direct* language" excluded, but only by implication. If it is to be held, therefore, that this ground must be considered unless expressly excluded by the terms of the order, under the admission of appellant that the evidence was conflicting, we would be constrained to affirm the order by virtue of the doctrine, announced in the Newman case, that "The rule is fully established that the superior court is not only authorized, but that it is its duty, to grant a new trial whenever, in its opinion, the evidence upon which the former decision was made was insufficient to justify that decision.

Its action in granting a new trial upon this ground is so far a matter within its discretion that if there is any appreciable conflict in the evidence it is not open to review in this court.''

But, conceding that this specification must be disregarded, does there remain a legal ground for sustaining the action of the court?

The aforesaid instruction was as follows: ''Defendant contracted with Lyman & Briggs that he would not offer his lands for a less price than that listed with said Lyman & Briggs, and this part of the contract is binding upon him, and by reason thereof defendant will not be permitted to sell his lands for a less price while the said contract is in force and while said Lyman & Briggs were attempting to negotiate the sale thereof, either by himself or through another agency and thereby deprive the said Lyman & Briggs or their assigns out of the commission contracted to be paid; therefore, if you find that the defendant did sell his lands for a price less than $13,000.00 without the consent of said Lyman & Briggs while their contract was in force, said Lyman & Briggs will have earned their 5 per cent commission, as provided in said contract and plaintiff will be entitled to a judgment for the sum of $650.00.'' We do not think it can be said that this instruction was erroneous for the reason assigned by the court. The complaint, considered in connection with the contract of agency, which was attached as an exhibit, was comprehensive enough to admit evidence of a sale made by the owner for a price less than thirteen thousand dollars and no separate count was required to cover this particular feature. (*Hallock* v. *Jaudin,* 34 Cal. 174; *Rucker* v. *Hall,* 105 Cal. 425, [38 Pac. 962].) But, manifestly, we are not controlled by the reason assigned by the court. Admitting the instruction to be within the issues and, moreover, to embody a correct legal principle, still there is force in respondent's contention that the jury were likely to make an erroneous application of the instruction by reason of the fact that after the sale was consummated a rebate to the purchaser was made by the owner in consequence of a survey having shown that there was a half acre less of land than was estimated. ''The test of an instruction is not whether the instruction was erroneous but whether it was misleading.'' (Hayne on New Trial and Appeal, sec. 122; *People* v. *Maughs,* 149 Cal. 253, [86

Pac. 187].) If instructions, correct as abstract propositions, may have misled the jury, a new trial may be granted. (*Hirsch* v. *Strauss,* 64 Cal. 272, [28 Pac. 235]; *In re Calkins,* 112 Cal. 296, [44 Pac. 577].)

Defendant's theory at the trial was that the land was sold for thirteen thousand dollars through another agency than plaintiff's assignor, while plaintiff relied principally upon the position that the owner had sold for less than the price fixed in the contract of agency. It is admitted by appellant that "upon that point there was a conflict in the evidence," but it is contended that "the jury passed upon that and the jury were the sole judges of the fact and it is not grounds for a new trial." As to this, appellant is clearly in error, as the trial judge is not bound by the verdict of the jury where there is a conflict in the evidence. (*Green* v. *Soule,* 145 Cal. 96, [78 Pac. 337].) But the point we desire to emphasize is the importance of the question whether the land was sold for less than thirteen thousand dollars. As we have seen, the owner agreed not to sell it for less than that while the contract of agency was in force. He reserved, however, the privilege of selling it for thirteen thousand dollars, but if he did so without the intervention of plaintiff's assignors he was to pay the agents a commission of two per cent. His contention being that he sold the land for the full price without any participation on the part of said agents, he claimed that he owed them said two per cent instead of five per cent as demanded by them.

It is apparent, of course, that the question whether he made a deduction would be unimportant if the evidence were conclusive that the sale was made through the agency of plaintiff's assignors, but it is admitted by appellant that as to this there was a conflict in the evidence. It was vitally important, therefore, that the consideration as to the price for which the land was actually sold by the owner should be properly presented to the jury. In this connection we may call attention to the fact that the court admitted improper evidence bearing upon this question and it is quite likely, in view of said instruction No. six, that said evidence may have determined the result in favor of appellant.

The plaintiff was permitted to testify, over objection, to a conversation that he had with the purchaser after the latter

had agreed to buy the property and made a deposit, in which connection "he said he would like to have bought the place from us, but he done a little better in dollars and cents." This conversation, as is apparent, is not directed to any efforts made by the agents to secure a purchaser, but the testimony involved a hearsay declaration that might have been considered by the jury as evidence of a sale for less than thirteen thousand dollars, to the prejudice of respondent.

As the record appears, we cannot say that there is no legal warrant for the order of the trial court granting a new trial and the order is, therefore, affirmed.

Chipman, P. J., and Hart, J., concurred.