[Crim. No. 835. Second Appellate District, Division Two.—February 14, 1922.]

THE PEOPLE, Respondent, v. LEOPOLDO RUBALCADO, Appellant.

[1] CRIMINAL LAW—RAPE—TESTIMONY OF PROSECUTRIX AT PRELIMINARY EXAMINATION—ERRONEOUS INSTRUCTION.—Where in a prosecution for rape the prosecutrix testifies that she did not have sexual intercourse with the defendant, and on further examination she admits that at the preliminary examination before the committing magistrate she testified that she did in fact have intercourse with the defendant at the time and place in question, but she emphatically declares that such former testimony was not true, and there is no direct evidence of the alleged crime, but

only certain circumstances from which, possibly, defendant's guilt may be inferred, it is prejudicial error for the trial court *sua sponte* to specifically charge the jury that they might consider the testimony which the prosecutrix gave before the committing magistrate, without telling them that it should be considered only for the purpose of impeachment.

APPEAL from a judgment of the Superior Court of Ventura County. Merle J. Rogers, Judge. Reversed.

The facts are stated in the opinion of the court.

Walter E. Barry for Appellant.

U. S. Webb, Attorney-General, and Arthur Keetch, Deputy Attorney-General, for Respondent.

FINLAYSON, P. J.—Defendant was charged with the crime of rape upon the person of a female child under the age of sixteen years. He was found guilty and sentenced to state's prison. He appeals from the judgment of conviction.

Besides contending that the evidence is insufficient to support the verdict, appellant assigns as error the giving of an instruction which, it is claimed, was misleading in that the jurors may have concluded therefrom that they could consider, as direct evidence of defendant's guilt, certain testimony that was given by the girl upon defendant's preliminary examination, and which, if admissible, could be received solely for the purpose of impeachment. As we are of the opinion that appellant's criticism of the instruction is well taken, it will not be necessary to consider whether there was sufficient evidence to justify the verdict of guilty. It will, however, be necessary to give a brief statement of the facts in order to show the prejudicial effect of the instruction.

Defendant was a boarder in the home of the parents of his alleged victim, an eleven year old school girl. On June 10, 1921, a friend drove the pair to the house of a neighbor, one Francisco Villegas, who lived on a near-by ranch. They stayed there three days. The neighbor's house has but two rooms, only one of which is a bedroom. During their stay at Villegas' home, defendant and the girl slept on the same bed; but, according to the uncontradicted testimony of the

witnesses for both the prosecution and the defense, the two used separate coverings and slept fully dressed. Francisco Villegas slept on the floor in the same room.

[1] On the trial of the case in the superior court the girl was called as a witness for the prosecution. In response to questions propounded to her by the district attorney she testified that she had not had sexual intercourse with the defendant at any time during their three-day stay at Villegas' house. She strenuously insisted that defendant's conduct had been entirely proper. Thereupon she was asked by the district attorney, by whom she had been called as a witness, if, at the preliminary examination before the committing magistrate, she had not testified that she did in fact have intercourse with the defendant during their stay at Villegas' home. She admitted that she had so testified, but emphatically declared that her testimony before the committing magistrate, so far as it related to her alleged sexual intercourse with defendant, was not true.

A physician who examined the girl about a month after the alleged offense testified that his examination disclosed that the hymen had not been ruptured, although in the majority of cases that membrane, the witness said, is punctured by sexual intercourse. The doctor added, however, that he found the girl's external genital organs rather well developed for a girl of her age; that her hymen is of the soft type—a type that does not tear easily; that he found the vagina lax and the vaginal inlet dilated so as readily to admit his two fingers; and, further, that he was of the opinion that something had been introduced into the vagina to dilate it.

It has been necessary to set forth somewhat at length the testimony given by the witnesses for the prosecution in order to show the importance to defendant of the instruction of which complaint is made—an instruction which advised the jurors that they might consider the testimony given by the little girl at defendant's preliminary examination, without telling them that it should be considered only for the purpose of impeachment. As we have shown, in giving her testimony at the trial of defendant before the jury in the superior court, the girl positively denied that defendant had been intimate with her. The contrary testimony previously given by her before the committing magistrate, and which

was brought out by the prosecution during defendant's trial in the superior court, could be considered by the jury as impeaching the girl's veracity and as discrediting her denials. But the testimony previously given by her at defendant's preliminary examination was not admissible against defendant on his trial in the superior court as evidence that he and the girl in fact did have intercourse. There was, therefore, no direct evidence of the alleged crime, but only certain circumstances from which, possibly, defendant's guilt may be inferred. But these circumstances of themselves were by no means conclusive evidence of guilt, nor were they of an assuredly convincing character. If, therefore, the instruction complained of be considered in the light of the evidence as we have outlined it, its prejudicial effect will at once be apparent.

Coming now to the language of the instruction: Shortly after the jurors had retired to deliberate upon their verdict they returned, and upon being asked by the court if they had arrived at a verdict, their foreman replied: "Your honor, we have not. We came back to get a little information; we are not clear, that is, clear whether we are entitled to consider the testimony taken at the preliminary examination." Thereupon the court instructed the jury as follows: "You are permitted to consider any testimony that was introduced before you on the trial of this case, and it was shown before—testimony was introduced before you as to the testimony at the preliminary examination, that is certain phases of it, and you are entitled to consider all the testimony that was introduced here including the testimony at the preliminary examination, if that testimony was also introduced here."

At no time prior to the submission of the case did the defendant request the court to charge the jury that the testimony given by the girl at defendant's preliminary examination could be considered for the purpose of impeachment only. Therefore, if the court had not, *sua sponte,* specifically advised the jurors that they might consider the testimony which she had given before the committing magistrate, appellant would not now be in a position to complain of a failure to give an instruction with respect to the purpose for which the evidence might be considered. The rule is that where a party desires to restrict evidence to the purpose for

which it is admissible, he must request the court to give the appropriate instruction. Nevertheless, if, in the absence of any such request, the court undertakes to give an instruction respecting the jury's right to consider certain evidence, the instruction as given must not be confusing or misleading. That, in this case, the jurors were likely to make an erroneous application of the instruction is. we think, quite obvious. In giving its charge to the jury previous to the submission of the case, the court, in effect, had instructed them that they might consider all of the testimony that was given by the girl. For example, the court gave this instruction: "It is sufficient if you believe from her evidence and all the other testimony and circumstances in proof in the case, beyond a reasonable doubt, that the crime charged has been committed." It was not necessary, therefore, again to instruct the jury that they might consider all the evidence which had been adduced at the trial. In view of this situation, the only legitimate inference that can reasonably be drawn from all the attendant circumstances is that when the jurors, through their foreman, asked whether they were entitled to "consider" the testimony given by the girl at the preliminary examination, they had in mind a consideration of that testimony for *all* purposes. That is, they were inquiring whether they might consider, as direct evidence of defendant's guilt and not merely as impeaching evidence, those portions of the girl's testimony at the preliminary examination which were brought out by the district attorney in the course of his examination of her as a witness in the superior court. This being the manifest situation, the jurors must have understood from the instruction that they were permitted to consider this testimony for any and every purpose—to consider it, not solely for the purpose of discrediting the testimony given by the girl on the trial of defendant in the superior court, but also for the purpose of proving that she and defendant did in fact have sexual intercourse at Villegas' house notwithstanding her denials thereof. The instruction was, therefore, confusing and misleading, and the defendant, for that reason, is entitled to a new trial. "The test of an instruction is not whether the instruction was erroneous but whether it was misleading." (Hayne on New Trial and Appeal, sec. 122.

See, also, *People* v. *Maughs*, 149 Cal. 253 [86 Pac. 187].)
"If instructions, correct as abstract propositions, neverthe-
less mislead the jury, a new trial may be granted." (*Briggs*
v. *Hall*, 20 Cal. App. 372 [129 Pac. 288].)

The judgment is reversed.

Works, J., and Craig, J., concurred.