*In re* ELLEN S. MELCHER *et al.* FOR AN OPINION.

NEWPORT—JANUARY 7, 1903.

| 24  575 |
| :26  347 |

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1)  *Wills.   Vested Interest.*

Testamentary devise as follows : "Upon the decease of my wife, the property by this and the preceding clause devised shall belong to my children, the descendants of any deceased child to take the share their parent would have taken if living, and if no descendants of mine survive my wife, then said property shall belong and be delivered over by my executors to the same persons named as residuary legatees, in case of such failure of descendants, in the next clause of this will and in the same proportions."

Testator deceased, leaving his widow, A., and three children, B., C., and D.  D. died without issue before the termination of the life estate of his mother, leaving a will which gave one-half of his property to A., his mother, and one-half to C., his sister.  A. died, leaving a will giving her property in trust for C.

Upon the question whether the devisees of D. took an undivided third of the real estate in question :—

*Held*, that, under the rule established in this State by *Watson* v. *Woods*, 3 R. I. 226, *Brown* v. *Williams*, 5 R. I. 309, *Bailey* v. *Hoppin*, 12 R. I. 560, and *R. I. Hospital Trust Co.* v. *Harris*, 20 R. I. 408, the devisees of D.

took no interest in the real estate, but that it belonged in equal moieties to B. and C.

CASE STATED FOR OPINION under Gen Laws cap. 240, § 24.

STINESS, C. J. The case stated for an opinion sets forth that title to real estate in Newport is involved under a clause of the will of Paran Stevens, which gave said real estate to his wife for life, and then added : "Upon the decease of my said wife, the property by this and the preceding clause devised shall belong to my children, the descendants of any deceased child to take the share their parent would have taken if living, and if no descendants of mine survive my said wife, then said property shall belong and be delivered over by my executors to the same persons named as residuary legatees, in case of such failure of descendants, in the next clause of this will and in the same proportions."

Paran Stevens died in 1872, leaving Marietta Stevens, his widow, and three children, Mrs. Melcher, Mrs. Paget, and Henry L. Stevens.

Henry L. Stevens died without issue in 1885, before the termination of his mother's life estate, leaving a will which gave one-half of his property to her and one-half in trust for his sister, Mrs. Paget. Mrs. Stevens, the life tenant, died in 1895, leaving a will giving her property in trust for Mrs. Paget.

The questions presented are whether the divisees of Henry L. Stevens took an undivided third of the real estate in question, and what are the respective interests of the parties therein ?

The answers to these questions depend upon the decision of the effect of the will of Paran Stevens as to the interest taken by Henry L. Stevens thereunder. On the part of Mrs. Paget it is claimed that he took a vested interest, which passed under his will ; and on the part of Mrs. Melcher, that the estate did not vest in the children upon the testator's death, but, if it did, it was only a vesting defeasible in respect to any child upon the death of that child prior to the termination of the life estate, whether with or without issue, in favor of the issue, if any ; but if none, in favor of the surviving children of the testator.

We quite agree with the counsel for Mrs. Paget that the legal effect of the provisions of a will, plainly expressed, must prevail over an implied intention. *Chapin* v. *Hill*, 1 R. I. 446 ; *Perry* v. *Hunter*, 2 R. I. 80 ; *Derby* v. *Derby*, 4 R. I. 414 ; *Grant* v. *Carpenter*, 8 R. I. 36.

The first inquiry, therefore, is the legal effect of the terms of the will. This involves three things : the time of taking, the persons to receive, and the quantity of the estate devised.

Upon these points we think that the will is explicit. The time when the interests of the children or their descendants were to attach was "upon the decease of my said wife." That is the focal point. That was the time when the interests were to be determined.

The persons who were then to receive the property were the living children or their descendants, *per stirpes*. The persons, therefore, who were to take were uncertain. It could not be known which, if any, of them would be alive to take an interest in the estate. If one or more of the children did not live, the estate was not to go to their heirs, as heirs, nor to their assigns, but to certain described persons. For example, had Henry L. Stevens left children, a third interest would have gone to them, not as heirs of their father, but as devisees under the will. In this respect the will differs from that in *Loring* v. *Arnold*, 15 R. I. 428, where the remainder to A., B., and C., "their heirs and assigns," was absolute as to persons, and contingent only upon the death of the first devisee dying without leaving children. Hence the remainder was descendible, and so devisable.

The main contention, however, is upon the third element of the devise, the resultant quantity of the estate devised.

(1)    On the part of Mrs. Paget, who claims under the will of Henry L. Stevens, it is urged that, by the terms of the will in question, said Henry took a vested estate, subject to be divested by the two contingencies (1) of his death before the life tenant, leaving issue him surviving ; (2) the death of all issue of the testator before that of the life tenant.

As neither of these contingencies happened, it is claimed that the estate was in him unimpaired.

37

On the part of Mrs. Melcher it is claimed that the remainder was a contingent remainder, taking effect at the death of the life tenant, and so giving no interest to said Henry, prior thereto, which was either descendible or devisable.

Both views have been ably and learnedly presented.

Cases upon the construction of wills and upon vested and contingent remainders have been too numerous and conflicting for an attempt to review or to reconcile them. Indeed, the task would be well-nigh impossible. In view of the fact that the case involves only title to realty in this State, and that the law applicable to it is settled by decisions of this court, we will confine our attention to such decisions.

In *Watson* v. *Woods*, 3 R. I. 226, the devise was to a daughter, Mary, for life, remainder after her decease to her children and their issue ; but if no issue, or in case of a subsequent failure of issue, then to other children of the testator. The terms of the gift were the same as in this case. It was held that it was the testator's intent to pass the estate to the descendants of Mary as long as there were any in being, and that until her decease her children could have no vested interest. In referring to the devise "after the decease of my said daughter," Brayton, J., said : "That language evidently contemplates the estates vesting at that time in the descendants of his daughter, such of them as were then living, and he is now limiting the estate which they take to the issue of their bodies respectively."

The counsel for Mrs. Paget suggests a distinction in the use of the word *after* the death in that case instead of *upon* the death, as in this case. We are unable to see force in the distinction, if there be one. We do not see that the use of either word imports a different legal effect from the other. *Upon* or *on* the death means *at the time of ;* and such a reference to the devolution of an estate points as clearly to the time of the death as the word *after*. Certainly *upon* does not imply an estate before the death. The case was decided by the court, and not, as counsel assumes, by a single judge.

*Brown* v. *Williams*, 5 R. I. 309, construed a devise similar to the one before us, upon a fuller examination of the law.

The devise was to trustees for the life of a daughter, Mary, with remainder in fee to her issue, and, if none, to the children of another daughter, Ann. A son of Ann Brown died during the life of Mary, leaving a will devising his interest in the estate to his wife, who brought the bill for partition between herself and the surviving children of Ann Brown. Counsel for these children took the point that, as there was a contingent remainder in fee between the life estate and the second contingency, the latter was not vested. The court, however, based its decision upon a broader ground. Admitting that, as contingent and executory estates will descend to an heir, so they may be disposed of by will, the language of Lord Mansfield, in *Roe* v. *Griffiths*, 1 Blackst. 605, was quoted : "In all contingent, springing, and executory uses, *where the person to take is certain*, so that the same are descendible, they are devisable ; these being convertible terms." Ames, C. J., added : "It will be noticed that the qualification is 'where the person who is to take is certain ;' for if the contingency is to decide who is to be the object of the contingent limitation as the person, or of the persons, to or amongst whom the contingent or future interest is directed, as it cannot be determined in whom the interest is, until the contingency happens, no one can claim, before the contingency decides the matter, that any interest is vested in him to descend from, and hence to be transferred or devised by him." He also said : "The issue of children, living at the determination of the life estate, were certainly to take the share which their parents, if living, would have taken, as purchasers ; and such an interest in them seems to us utterly incompatible with a right on the part of the parent to alienate his share, which would follow the vesting of any interest in the children pending the life of Mary. The issue were to take the shares which their parents 'if living *would have taken*,' which strongly implies that their parents were to take nothing, unless living at the death of Mary." The same words appear in the will before us. Judge Ames added : "Although it is a general rule that contingent interests, as well as vested interests, pass to the real and personal representatives of the person entitled, so as to entitle such representatives to them when

the contingencies happen, it is an equally well-ascertained exception to the rule that the contingent devisee has no such title to pass to his representatives, and none therefore to devise or bequeath, where the contingency is such, that his own existence at some particular future time is to determine whether any interest is to take effect in him or not." Fear. Rem. 364, n. *E.* 365, 370, 371 ; 1 Jarm. on Wills (2nd Am. ed.), 653.

In *Daboll* v. *Field,* 9 R. I. 266, the words of the will were somewhat different. There the devise was to nephews and nieces, their heirs and assigns, provided they all survive me, if not, to the survivors. None of them survived the testatrix, and it was held that they took no estate, and that, as to that devise, she died intestate ; the words heirs and assigns being used as words of limitation of the estate in case of a taking, and not to denote substituted devisees.

In *Bailey* v. *Hoppin*, 12 R. I. 560, there was a deed in trust for life, remainder to children who should be living at the decease of the survivor of grantor or wife, and to such issue then living of deceased children.

The question was whether the equitable remainders were vested or contingent, and they were held to be contingent. Durfee, C. J., said : "They were limited after the death of the grantor and his wife, not to their six children, but only to such of them as should then be living, and to the issue of such of them as should be dead. It was uncertain at the creation of the trust, and it continued to be uncertain during the life of the surviving parent, who, if any, of the children would survive." That is exactly this case. The intervention of an express trust estate is not significant, since equitable interests pass under the same rules that apply to legal estates.

*R. I. Hospital Trust Co.* v. *Harris*, 20 R. I. 408, is to the same effect. See also *Ross* v. *Nettleton*, 24 R. I. 124.

The cases in this State relied on by the counsel for Mrs. Paget are quite different from the case at bar. In *Staples* v. *D'Wolf*, 8 R. I. 74, the devise was to children and their heirs, an absolute estate, with only a postponement of the time of enjoyment. In that case the interest was held to be vested.

*Rogers* v. *Rogers*, 11 R. I. 38, was in similar terms. So

also *Grosvenor* v. *Bowen*, 15 R. I. 549. *Spencer* v. *Greene*, 17 R. I. 727, was an application of the well-settled rule that when futurity is not annexed to the substance of the gift, but only to the time of payment, the right vests immediately. In that case the uncertainty was the death of a nephew. The remainder, the death happening, · was held to be vested, the gift being absolute to the children of the sister of the testatrix, because the persons who were to take were certain. The case involved personal estate only.

In all of these latter cases there was no remainder over.

We think that the decisions we have quoted are conclusive of the case at bar.

We therefore give as our opinion (1) that the devisees of Henry L. Stevens took no interest in the real estate in question ; (2) that said real estate belongs in equal moieties to Mrs. Melcher and to the trustees under the antenuptial settlement of Mrs. Paget.

Decree accordingly.

*Samuel R. Honey, George Zabriskie,* and *John S. Melcher,* for Ellen S. Melcher.

*Charles H. Koehne, Jr.,* and *John A. Garver,* for trust companies.

*Robert M. Franklin,* for Alfred Wills.

*Andrew Jameson, Matthews Duncan,* and *John W. Sterling,* for trustees.