# Brown v. Birmingham Water Works Company.

*Damages for Breach of Contract.*

(Decided May 29, 1910.   Rehearing denied June 30, 1910.
52 South. 915.)

1. *Waters and Water-courses; Municipal Supply; Franchise; Contract to Furnish; Rates.*—So long as the discrimination is enjoyed solely at the expense of the company without infringing on the rights of the other consumers, the Birmingham Water Works Company, under its franchise, can contract with an individual to furnish water for less than the contract rate charged other individuals for similar service and less than the maximum franchise rate.

2. *Same.*—The implied provision that the charge for water should in no case be greater than the maximum franchise rate, nor greater than a reasonable charge is in the contract where the water works company agreed to furnish plaintiff with water at less than the maximum rate.

3. *Same; Use of Water; Supply to Consumers.*—A flat water rate provided by a water works company's franchise rate does not authorize the consumer to use the water extravagantly but only in quantities reasonably sufficient for the consumer's domestic requirement.

4. *Same; Contract; Consideration.*—Where a water works company agreed to furnish consumer water for a dwelling house for a sum certain per quarter, and the consumer agreed to pay the price at the time fixed, the contract is based on a sufficient consideration.

5. *Same; Definiteness; Duration.*—Where the contract was to furnish consumer water at a specified price so long as she used the premises as a dwelling, it was not defective for indefiniteness as to the length of time it was to run.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

[Brown v. Birmingham Water Works Company.]

Action by Mary B. Brown against the Birmingham Water Works Company, for damages for breach of contract. Judgment for defendant and plaintiff appeals. Reversed and remanded.

A. G. & E. D. SMITH, for appellant. Under its franchise contract the Birmingham Water Works Company may charge for water supplied dwellings, bath tubs and water closets, at less than the flat rate fixed in Section 12 thereof.—*Smith v. B'ham W. Wks. Co.,* 104 Ala. 315; *M. & A. of B'ham v. B'ham W. Wks. Co.,* 42 South. Rep. 10; *Ward v. B'ham W. Wks. Co.,* 44 South. Rep. 570; *M. & A! of B'ham v. B'ham W. Wks. Co.,* 44 South. Rep. 581; Brief Making and use of Law Books (Cooley 1909) pp. 102-132; *Harbor Master v. Southland,* 47 Ala. 511; *Port of Mobile v. L. & N. R. R.,* 84 Ala. 115; *St. Ry. Case,* 79 Ala. 464, 472; *Freeport Water Co. v. Freeport* (U. S.) 45 L. Ed. 679; *Danville W. Wks. Co. v. Danville* (U. S.), 45 L. Ed. 696; *Rogers Park W. C. v. Ferguson* (U. S.) 45 L. Ed. 702; *Goldsboro W. Co. v. Goldsboro* (N. C.), 41 L. R. A. 240. The contract between the parties hereto is a valid contract—or if void in any particular, the void and valid portions are separable and the latter can be enforced.—*Electric Lighting Co. v. Elder Bros.,* 115 Ala. 148; *Mason v. Ala. Iron Co.,* 73 Ala. 274; Bishop on Contracts, 380 and 397; *North B'ham R. R. Co. v. Calderwood,* 89 Ala. 247, 255; *Robertson v. Hayes,* 83 Ala. 290; 9 Cyc. 582 and notes; *Ellis v. Tampa W. Wks. Co.,* 19 L. R. A. (N. S.) 183, 47 South. Rep. 358; 9 Cyc. 588; Clark on Contracts, 593; Bishop on Contracts, 392; 9 Cyc. 586; 9 Cyc. 569; *L. & N. R. R. Co. v. Shepard,* 126 Ala. 416. It is founded on a valuable consideration.—*Christian & Craft Grocery Co. v. Bienville Water Supply Co.,* 106 Ala. 124; 30 Am. and Eng. Ency. (23d) 426; *Ala. Cent.*

*R. R. Co. v. Long,* 48 South. Rep. 363; *S. & N. Ala. v. H. A. & B. R. R. Co.,* 89 Ala. 400. The contract does not work an unjust discrimination in favor of appellant and against other consumers.—*City of M. v. B. W. W. Co.,* 130 Ala. 379; *So. Ry. v. Anniston F. & M. Co.,* 135 Ala. 315; 4 Cush. 60; 14 L. R. A. 424; 41 L. R. A. 240; 37 L. R. A. 827; 7 Pa. 149; 17 S. E. 789; 21 L. R. A. 519; 6 L. R. A. 756. The contract is definite as to duration and is not terminable at the will of the water company.—*Bromberg v. E. Const. Co.,* 50 South. 314; *M. & A. of B'ham. v. B'ham W. W. Co.,* 139 Ala. 531; *Homan v. Stewart,* 130 Ala. 644; *C. & C. Groc. Co.. v. Bienville Co.,* 106 Ala. 124; *Boykin v. Banks,* 72 Ala. 262; 28 A. & E. Enc. of Law, 38; 6 Pom. Eq. 764.

LONDON & FITTS, for appellee. Counsel insist that the contract was invalid and that plaintiff has no right under it.—*B'ham. v. B'ham. W. W.,* 42 South. 10. Under its contracts, water to be supplied by the appellee is divided into two classes, measured water and flat rate, and the provisions for measuring the water have absolutely no relation to the flat rate, so long as no waste water is shown.—*Smith v. W. W. Co.,* 104 Ala. 315; *B'ham. W. W. Co. v. Clark,* 135 Ala. 530; *B'ham. v. B'ham. W. W. Co.,* 44 South. 481. An ordinance has the force of law, and a contract violative of its provisions is not enforceable.—*Crosby v. Mtg.,* 108 Ala. 498; *City of Mobile v. B. W. Sup. Co.,* 130 Ala. 384; *Griffin v. Water Co.,* 41 L. R. A. 240. The contract is void for uncertainty.—*Erwin v. Erwin,* 25 Ala. 236; *Howard v. E. T. V. & G.,* 91 Ala. 268; *Pulliam v. Schimpf,* 109 Ala. 179.

EVANS, J.—This is a suit brought by appellant, Mary B. Brown, against appellee, Birmingham Water-

works Company, to recover damages arising from the breach of a certain contract in writing whereby appellee contracted and agreed with appellant to furnish water to appellant's dwelling house No. 1136 in the city of Birmingham, Ala., for a certain stipulated price. The contract is set out in full in the complaint. The court sustained demurrers to each count of plaintiff's complaint as last amended, and, plaintiff declining to amend further, the court gave judgment for defendant.

The appellant's counsel in their brief insist upon assignments of error 1, 2, and 8. Assignment No. 1 is that "the court erred in sustaining demurrer to first count as amended." Assignment No. 2 is that "the court erred in sustaining demurrer to second count as amended." Assignment No. 8 is that "the court erred in giving judgment for appellee."

So it would seem that assignments 1 and 2 are all that is necessary to be considered because the eighth assignment will depend upon the proper disposition of these. In other words, if the demurrers were properly sustained, and the plaintiff declined to plead further, then the court was right in rendering judgment for defendant. But, on the contrary, if it erred in sustaining the demurrers, then it erred in the final judgment rendered. Furthermore, if the demurrer is good as to the first count as amended, it is good as to the second count as amended; if bad as to one, it is bad as to the other. The first count is in case for the breach of a duty arising out of the contract. The second is for the breach of the contract. Under the Code of 1907, two such counts can be joined.

The contention of the appellee is that the contract itself is void, and therefore no duties arose from it, and there could be no damages recovered for its breach.

The propositions raised by the demurrer are as follows: (1) That section 12 of the franchise contract between the city of Birmingham and the waterworks company fixed the price to be charged for water for dwellings, water-closets, and bath tubs at a certain rate, which could not be departed from even by the making of a lower charge. (2) That the said contract is void because that under certain conditions the rate fixed in said contract would be greater than the maximum rate fixed by the franchise contract for water furnished for the purposes mentioned. (3) That said contract is without consideration. (4) That it would work an unjust discrimination in favor of Mrs. Brown, the plaintiff, and against other citizens. (5) That it is uncertain as to duration and therefore terminable at the will of the defendant.

The first of these propositions has been decided by this court quite recently in the case of *State of Alabama ex rel. C. W. Ferguson v. Birmingham Waterworks Co.,* 163 Ala. 586, 51 South. 354, in construing the said contract between the city of Birmingham and the defendant in this case. There it is held, in effect, that the said Birmingham Waterworks Company had a right to contract with an individual to furnish water at a less rate than the maximum rate fixed by said franchise contract and less than that charged other individuals for similar service, so long as the "discrimination is enjoyed by those having the favored rate at the expense of the company, and does not impinge upon any rights of other consumers." There is nothing in the complaint that shows that the rights of other consumers have been impinged upon. Therefore the contention of appellee, on proposition 1, cannot be sustained.

The second proposition is that a condition could arise under the provisions of said contract where a greater

charge could be made by defendant than that provided by the maximum rate; that is, that the rate provided for in the contract for water in excess of 3,333 gallons per month is such that the excess could be large enough to make the rate greater than the maximum rate fixed by the franchise contract. We think it sufficient answer to this argument to say that the parties contracted with full knowledge of what the franchise contract provided as well as the law, and what limitations the same imposed, and that a proper construction of the contract between appellant and appellee would be that there was implied the following: Provided that the charge for water shall in no case be greater than the maximum provided by said franchise contract, and provided further that it shall not be greater than what is a reasonable charge. Furthermore, the flat rate provided by the franchise contract would not permit a person contracting in accordance with it to use water extravagantly, but in reasonable quantities, sufficient, without inconvenient economy, for the purposes of dwelling houses, water-closets, and bath tubs. If one should go beyond this, he would be liable for waste. We cannot say, therefore, that the contract of plaintiff, as to the price to be paid under it for water, would exceed the price under the flat rate, as that would depend upon matters which do not appear in the complaint. In other words, the amount of water which a person situated as plaintiff is would be entitled to under the flat rate might easily be such that the same amount of water could be gotten under the plaintiff's contract for the same or a less price. We are, therefore, of opinion that the second proposition contended for by appellee cannot be sustained.

The third proposition, "that said contract is without consideration," hardly needs to be considered, as a mere

reading of the contract will show that the one party agrees to furnish the other water to her dwelling house for a certain price per quarter payable at certain times therein mentioned, and the other agrees to pay the said price at said certain times. There is clearly a consideration moving from each party to the other.

The fourth proposition, that it would work an unjust discrimination in favor of Mrs. Brown and against other citizens, has already been disposed of, against the contention of appellee, in discussing the first proposition.

The fifth proposition, "that it is uncertain as to duration, and, therefore, terminable at the will of the said waterworks company," is untenable, for the reason that it was not indefinite in a legal sense; for it expressly provides that the appellee is to furnish the water, and appellant is to pay the price named at certain stipulated times, as long as Mrs. Brown, the appellant, uses the premises as a dwelling. It cannot be said that this contract is void for uncertainty, for it is expressly terminable upon Mrs. Brown's ceasing to use the premises as a dwelling, which must necessarily be the case some time; for, if she does not move from the premises, she cannot live always. In either event she would cease to use the house as a dwelling, and the contract would terminate.—*Christian & Craft Grocery Co. v. Bienville Water Company*, 106 Ala. 127, 17 South. 352.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON, and SAYRE, JJ., concur.