[Civ. No. 1711. First Appellate District.—September 26, 1916.]

## W. C. DANIEL, Respondent, v. SADIE B. CALKINS et al., Appellants.

BROKER'S COMMISSIONS — FINDING OF PURCHASER — CONFLICT OF EVIDENCE—APPEAL.—In an action brought to recover a sum of money alleged to be due as the commission of a real estate agent in securing a purchaser for the property of the defendant pursuant to a written contract of authorization and also an alleged oral agreement as to the amount of the commission to be received in the event of a sale, where it is found on conflicting evidence that the plaintiff procured a purchaser, the finding will not be disturbed on appeal.

ID.—AMOUNT OF COMPENSATION—EVIDENCE—PAROL AGREEMENT.—In an action to recover a broker's commission in securing a purchaser of real property pursuant to the terms of a written authorization of sale which designated the "net" amount which the owner was to receive upon the sale and which provided that "no percentage as a commission" was to be paid to the broker, it is not error to permit the plaintiff to introduce evidence of an oral agreement that he was to receive as compensation for his services all over the net sum stated in the writing as the purchase price of the property.

ID.—COMMISSIONS—WHEN EARNED.—Under the terms of such a written
   authorization, the broker is entitled to his compensation when he
   produces a purchaser who is ready, able, and willing to buy the
   property for any sum up to or in excess of the net amount speci-
   fied in the writing.

APPEAL from a judgment of the Superior Court of Santa
Clara County, and from an order denying a new trial. W. A.
Beasly, Judge.

The facts are stated in the opinion of the court.

Owen D. Richardson, for Appellants.

Earl Lamb, and R. J. Glendenning, for Respondent.

RICHARDS, J.—This is an appeal from a judgment and
order denying the defendants' motion for a new trial.

The action was brought to recover the sum of $550 alleged
to be due as the commission of a real estate agent in secur-
ing a purchaser for the property of the defendant, Sadie B.
Calkins, pursuant to a written contract of authorization and
also an alleged oral agreement as to the amount of commis-
sion to be received in the event of a sale. The evidence in
the case discloses that the plaintiff was a real estate agent
residing and doing business as such at Sunnyvale, in the
county of Santa Clara, in the year 1912; that during the
month of July of that year the defendant, Sadie B. Calkins,
was in possession of a piece of real estate of which she was
shortly to become the owner, and that in that month and at
her request the plaintiff took a Mr. Deckman (who subse-
quently became the purchaser of the property) out to see it
with a view to buying it; that the price of twelve thousand
five hundred dollars was quoted to him at that time by plain-
tiff, and he said he would take the property at that figure;
but when the plaintiff reported these facts to Mrs. Calkins
she said that she had decided not to sell, but later, in the
meantime having received title to the property, she requested
the plaintiff to reopen negotiations with Mr. Deckman. It
was at or about this time that the following writing was exe-
cuted between the parties:

"Sunnyvale, Cal. August 23, 1912.
"W. C. Daniel: I hereby authorize you solely to sell for
me and my account the following described real estate . . .

for the sum or price of $11,700.00 net; and I agree to pay you no per cent as a commission on said sale when made. I further agree to furnish a complete abstract of title to date of transfer. This authorization to remain in full force and effect for thirty days, after which notice must be given in writing to terminate this contract.

"(Signed)    Sadie B. Calkins.
"Witness:    · (Signed)   W. C. Daniel."

At the time of the execution of the foregoing writing the plaintiff testifies, and the court finds, that an oral agreement was made between the parties to the effect that in the event of his success in securing a purchaser for the premises, the plaintiff was to receive as his compensation a sum equal to the difference between the net price specified in said writing and such price as the property should· be sold for. In the meantime the plaintiff corresponded by telegrams and letters with Mr. Deckman, who was at the time in the east, but who later and during the life of the plaintiff's written contract came to California, re-examined the property, and finally purchased it directly from the owner for the sum of twelve thousand dollars. After the consummation of such sale the plaintiff demanded as his commission a sum equal to the difference between the amount named in the written authorization as the net sum to be received by the owner and the sum actually paid by the purchaser of the property, to wit, the sum of three hundred dollars.

The trial court rendered judgment in plaintiff's favor for said sum, and from said judgment and from the order denying a new trial, the defendants prosecute this appeal.

The first contention of the defendants is that the evidence is insufficient to sustain the finding that the plaintiff procured Deckman as a purchaser of the property. In respect to this issue there is a substantial conflict in the evidence, and this being so, the finding of the trial court will not be disturbed.

The next and chief contention of the appellants is that the court erred in permitting the plaintiff to introduce evidence of the oral agreement between the parties to the effect that the plaintiff was to receive· all over the net sum stated in the writing as the purchase price of the property. In making this contention it is apparently conceded by the appellants that when an agent's authorization is written, the amount of

his compensation in the event of a sale may be agreed upon orally. This concession is doubtless made in the light of the authorities sustaining this view. (*Toomy* v. *Dunphy,* 86 Cal. 639, [25 Pac. 130]; *Kennedy* v. *Merickel,* 8 Cal. App. 381, [97 Pac. 81]; *Baird* v. *Loescher,* 9 Cal. App. 65, [98 Pac. 49]; *Naylor* v. *Adams,* 15 Cal. App. 354, [114 Pac. 997].) The appellants, however, insist that the oral agreement between the parties as to the sum to be received or retained as the agent's compensation is void, for the reason that it undertakes to vary the terms of a written instrument by parol, and that the ruling of the trial court in admitting evidence of such oral agreement was error. The clause in the writing which it is argued is varied and in fact abrogated by the oral agreement, according to the appellants' contention, reads as follows: "I agree to pay you no per cent as a commission on the amount of said sale when made." This clause standing alone might support the appellants' contention; but it is to be interpreted in connection with the entire writing, with the nature and object of the contract, and with the circumstances attending its creation. Contracts between real estate agents and owners of real estate by which the former are given authority to engage in activities having for their object the sale of the latter's property are entered into for the mutual material benefit of the parties to such contracts, and are to be so construed as not to defeat these objects when such construction is reasonably deducible from their terms. The foregoing clause in the written authorization of the plaintiff is to be read in the light of the preceding clause in such writing with which it is connected in the conjunctive, and which designates the net amount which the owner is to receive upon the sale of the property; and it is upon said "amount of said sale" that "no percentage as a commission" is to be paid. The use of the term "net" and specifying the amount which the owner is to receive carries the plain implication that the selling price of the property is to be some larger sum, the excess of which is undisposed of by the terms of the written agreement. This being so, the oral agreement of the parties to the effect that the agent should retain such extra sum as the compensation for his services in the premises does not vary the terms of the writing, but only amplifies it so as to effectuate the mutual material interests of the parties in entering

into it. The court, therefore, did not err in admitting the evidence of such oral agreement, nor in its finding predicated upon such evidence.

The final contention of the appellants is that the plaintiff never in fact produced a purchaser ready and able and willing to purchase the property in question for the price at which the agent offered it to such purchaser. This argument is predicated upon the evidence in the case showing that the lowest price quoted to the prospective purchaser by the plaintiff was the sum of $12,250, which sum the purchaser was never shown to be willing to pay. The views above expressed as to the construction to be placed upon the plaintiff's written authorization to the effect that he was to endeavor to make a sale of the property for such sum in excess of the net amount which the owner was to receive, necessarily implies that in his offers of the property to prospective purchasers he was to fix a larger sum than said net amount as the lowest purchase price of the property, and if he found a purchaser who was ready and willing and able to buy the property for any sum up to or in excess of the net amount specified in his written authorization, he would be fulfilling its terms and also the terms of the oral understanding of the parties supplementing their written agreement; and if such purchaser when found saw fit to deal directly with the owner, and the owner with him, within the life of the plaintiff's agency, and to consummate a sale of the property for a sum equal to or in excess of the owner's net figure, the agent would be none the less the procuring cause of such sale, and would under the authorities be entitled to his reward. (*Briggs* v. *Hall,* 24 Cal. App. 586, [141 Pac. 1067].)

This disposes of every material contention of the appellants in the case.

Judgment and order affirmed.

Lennon, P. J., and Kerrigan, J., concurred.