[Civ. No. 3417. First Appellate District, Division One.—July 12, 1920.]

EDWARD DE LA QUESTA, Appellant, *v.* ARMSTRONG HOLDINGS COMPANY (a Corporation), Respondent.

[1] BROKER'S COMMISSIONS—PREPARATION OF AGREEMENT BY OWNER —INCONSISTENT PROVISIONS—CONSTRUCTION OF—PAROL EVIDENCE. Where an agreement prepared and executed by the owner of property purports to give to another an option to purchase the property, within a definite period, for a fixed cash price, or upon terms the subject of future treaty, but acceptable to the owner, but by the following provisions it is stipulated that upon the purchase of the property by such other person, or an assignee, the owner will pay the former a commission upon the cash valuation, such provisions, standing alone, are inconsistent, and, therefore, in construing such agreement, it is necessary to determine the general intent of the parties, from the contract as a whole, read in the light of the circumstances under which it was made.

[2] ID.—INTERPRETATION OF AGREEMENT—COMPLIANCE BY AGENT—ACKNOWLEDGMENT BY OWNER.—Upon the production by plaintiff, within the time specified, of a party who was ready, willing, and able to purchase the property, the defendant having informed plaintiff that the property offered in exchange for its holdings was satisfactory, and acceptable to it, at the same time informing plaintiff that he had complied with the terms of the agreement, and had earned, and was entitled, upon the consummation of the exchange, to the compensation provided for in the agreement, such construction by defendant of its liability in the matter is a strong circumstance to be considered in arriving at a proper interpretation of the agreement.

[3] ID.—PERFORMANCE OF SERVICES BY AGENT—DELAY IN CONSUMMATING TRANSACTION—RIGHT TO COMMISSION.—The plaintiff hav-

----

1. Rights of parties to contract employing broker to find purchaser of realty when broker is given option to purchase, note, Ann. Cas. 1914D, 1205.

3. Right of broker to commissions on sale by owner after stipulated time of agency, to customer introduced by broker within the time limited, note, 21 L. R. A. (N. S.) 328.

ing, within the time limited, and under the terms of his employ-
ment, produced to the defendant a person ready, willing, and able
to purchase, by exchange, the property of the defendant upon
satisfactory terms, was entitled to his commission, notwithstand-
ing the defendant, after duly acknowledging the plaintiff's ser-
vices in the matter, and recognizing his right to be paid the
agreed compensation therefor, negotiated with the purchaser for
more agreeable terms of the exchange, and such negotiations were
not completed until after the expiration of the time specified in
plaintiff's contract of employment.

[4] ID.—ACKNOWLEDGMENT OF LIABILITY—ACCEPTANCE OF BENEFITS—
WAIVER OF TECHNICAL OBJECTIONS.—The agreement having been
intended as both an option to purchase and an authorization to
sell upon commission, and the plaintiff having assumed that, by
the production of a person ready, willing, and able to purchase,
by exchange, he had performed the agreement, and the defendant
having acknowledged that he had done so and given him the
assurance that he would be paid the agreed compensation, thereby
giving countenance to the construction placed upon the contract by
the plaintiff, and having acquiesced in its fulfillment accordingly,
and having received and retained the benefits to be derived there-
from, the defendant will be held to have waived and abandoned
its right to impeach the transaction for some technical omission
by plaintiff to comply with the agreement after the position of
the latter had materially changed.

APPEAL from a judgment of the Superior Court of Santa
Barbara County. S. E. Crow, Judge. Reversed.

The facts are stated in the opinion of the court.

Sullivan & Sullivan and Theo. J. Roche and J. F. Frick
for Appellant.

Kuster & Salisbury, Stannard A. McNeil and Richards,
Heaney & Price for Respondent.

WASTE, P. J.—This is an appeal by plaintiff from the
judgment entered upon an order sustaining a general de-
murrer to the amended complaint, without leave to amend,
plaintiff conceding that no amendment could be made.

It is alleged in the amended complaint that the defend-
ant, a corporation, was the owner of a thirty-two hundred
acre ranch in the county of Santa Barbara, together with the
improvements, stock, and necessary equipment. Being de-

sirous of securing the services of plaintiff to negotiate an exchange or sale of said property with a party known to plaintiff, but unknown to defendant, it employed plaintiff to negotiate the sale or exchange of the ranch property, at a valuation of one hundred and seventy-eight thousand dollars, to be consummated upon terms acceptable to the defendant, promising to pay plaintiff a commission of five per cent upon such valuation for procuring a person or party ready, willing and able to take over the property. It promised and did send to plaintiff from its office in Los Angeles a memorandum of the terms of this employment, subscribed by it. By the terms of the writing the defendant purports to give to the plaintiff the exclusive right and option to purchase the property, together with all farm and ranch equipment, including stock on said premises, for the price of one hundred and seventy-eight thousand dollars, cash, or upon terms acceptable to the board of directors of said company. Other terms of the sale were set out. It is further specified in the instrument that in case plaintiff, or anyone to whom he may assign the option, purchase the property within the period granted, the defendant will pay to plaintiff or to his order a commission of five per cent of the aforesaid cash valuation of one hundred and seventy-eight thousand dollars. No consideration was received by defendant for the option, except plaintiff's agreement to sell or exchange the property.

Within the time specified, plaintiff produced the party willing and able to purchase the ranch, who offered to transfer and convey to defendant real and personal property of the agreed value of one hundred and seventy-eight thousand dollars, in exchange for the property of the defendant. This offer was satisfactory and acceptable to the defendant, and it so informed the plaintiff, at the same time stating to him that he had complied with the terms of the memorandum agreement and had earned, and was entitled, upon the consummation of said exchange, to the compensation provided to be paid to plaintiff by the defendant, according to its terms. Defendant informed the plaintiff, however, that it desired to further negotiate with the intending purchaser for the purpose, if possible, of securing from him the transfer of additional personal property in the place and stead of certain portions of the real property offered in exchange for its property. The defendant delayed the closing of the trans-

action until after the time specified in the agreement, through no fault or neglect of plaintiff, and continued to negotiate with the party produced by plaintiff, and the exchange was finally consummated. The value of the real and personal property conveyed, and transferred, to the defendant was the sum of one hundred and seventy-eight thousand dollars.

On these facts plaintiff claims to have earned and to be entitled to his commission, he having produced the person ready, willing, and able to and who did take the property on terms satisfactory, and agreed to, by the defendant. The respondent's theory is that the memorandum or agreement amounted only to an option granted to the plaintiff, and being an instrument in writing, superseded any prior oral negotiations had between the parties, and that consequently the allegations of the complaint as to what preceded the execution of the writing must be disregarded, no fraud being claimed. It relies upon the well-known principle of law that parol evidence cannot be admitted to vary, or add to, the terms of a contract plain and unambiguous on its face. Its argument, in effect, is that the agreement is one merely for the sale of the property upon terms acceptable to the defendant, with a provision for a discount of five per cent in the event of a sale to plaintiff or his assignee. Appellant's theory is that the agreement was both an option and an authorization to sell upon commission. His theory is supported by the authorities. (*Mitchel* v. *Gray*, 8 Cal. App. 423, 429, [97 Pac. 160]; *Burt* v. *Stringfellow*, 45 Utah, 207, 216, [143 Pac. 234].)

We are of the opinion that the plaintiff has stated a cause of action, and that the demurrer was improperly sustained. The memorandum of the agreement, entered into between the parties, is not so clear and unambiguous as to be readily understood without some explanation of the situation of the parties at the time it was entered into. The writing prepared and executed by the defendant (omitting descriptive matter and portions immaterial to this discussion) is as follows:

"For value received and for the time hereinafter stated, the Armstrong Holdings Company hereby gives to Edward de la Questa the exclusive right and option to purchase the property of said company located in the County of Santa

Barbara . . . together with all farm and ranch equipment, including stock now on said premises, comprising approximately 3,200 acres, for the price of one hundred seventy-eight thousand dollars ($178,000) cash, or upon terms acceptable to the board of directors of said company, . . .

"In case Edward de la Questa, or anyone to whom he may assign this option purchase said property within the time hereinafter specified, said Armstrong Holdings Company agrees to pay said Edward de la 'Questa, or to his order, a commission of five per cent (5%) of the aforesaid cash consideration of one hundred seventy-eight thousand dollars ($178,000). This option to remain in full force and effect for the period of twenty (20) days from date and after that time to be void and of no force or effect."

The contract in this case was executed by the defendant in favor of the plaintiff. When different constructions of the provisions of an agreement are otherwise equally proper, that is to be taken which is most favorable to the party in whose favor the provision was made. (Code Civ. Proc., sec. 1864.) In cases of uncertainty the language of a contract should be interpreted most strongly against the party who caused the uncertainty to exist. (Civ. Code, sec. 1654.) In the instant case the defendant prepared the agreement. We do not need to rely solely upon these technical rules of interpretation, however, in arriving at a conclusion in this matter. Other controlling principles applicable to the construction of contracts afford a more satisfactory determination of the question.

[1] In the first instance, the agreement purports to give the plaintiff an option to purchase the ranch property of the defendant, within a definite period, for a fixed cash price, or upon terms the subject of future treaty, but acceptable to the defendant. By the following provisions, it is stipulated that upon the purchase by the plaintiff, or an assignee, the defendant will pay plaintiff a commission upon the cash valuation. A sale of property outright, at a fixed price, to one having an option to purchase is one thing. A payment of a commission to one authorized to make a sale is another proposition. Standing alone the two provisions of the agreement are inconsistent. It remains, therefore, to determine the general intent of the parties, from the contract as a whole. (*Pacific Mut. Life Ins. Co.* v. *Pacific Surety*

*Co.*, 182 Cal. 555, [189 Pac. 273].) Read together, and in the light of the circumstances under which it is alleged the contract was made, and the situation of the parties to it (Code Civ. Proc., sec. 1860), they harmonize. To quote from the Utah decision, a case strongly in point: "It seems to us that it was the intention of all the parties to the contract in question to grant the appellant a fixed time within which he had the exclusive right, either to purchase or sell the property at the price stipulated in the contract, and if he did either he was to receive five per cent of the selling price as a commission." (*Burt* v. *Stringfellow*, 45 Utah, 207, 216, [143 Pac. 234].) This construction, we are satisfied, coincides with the intention of the parties in the instant case.

[2] Respondent's present contention, that the appellant was merely granted an option to purchase the property, is destroyed by the averments of the amended complaint, admittedly true for the purpose of considering the demurrer, to the effect that when the plaintiff, within the time specified, produced the party, then and there ready, willing, and able to purchase the property, the defendant informed plaintiff that the property offered in exchange for its holdings, was satisfactory, and acceptable to it, at the same time informing plaintiff that he had complied with the terms of the agreement, and had earned, and was entitled, upon the consummation of the exchange, to the compensation provided for in the agreement. Its own construction of its liability in the matter is a strong circumstance to be considered in arriving at a proper interpretation of the agreement. (*Union Oil Co.* v. *Stewart*, 158 Cal. 149, 155, [Ann. Cas. 1912A, 567, 110 Pac. 313]; *Dollar* v. *International Banking Co.*, 10 Cal. App. 83, 87, [101 Pac. 34].)

[3] The plaintiff having, within the time limited, and under the terms of his employment, produced to the defendant a person ready, willing, and able to purchase, by exchange, the property of the defendant upon satisfactory terms, was entitled to his commission. (*Jauman* v. *McCusick*, 166 Cal. 517, 521, [137 Pac. 254]; *Levy* v. *Dusenbery*, 32 Cal. App. 411, 417, [163 Pac. 231].) The fact that the defendant, after duly acknowledging the plaintiff's services in the matter, and recognizing his right to be paid the agreed compensation therefor, negotiated with the pur-

chaser for more agreeable terms of the exchange, does not, in our opinion, change the situation of the parties. It still remains that the plaintiff was the procuring cause of the sale. (*Briggs* v. *Hall,* 24 Cal. App. 586, 588, [141 Pac. 1067]; *Daniel* v. *Calkins,* 31 Cal. App. 514, 518, [160 Pac. 1082].) The delay in closing the sale, until after the time limited by the contract, was caused by the desire of the defendant to procure more satisfactory terms, and does not destroy plaintiff's right to his commission. (*Brown* v. *Mason,* 155 Cal. 155, 159, [21 L. R. A. (N. S.) 328, 99 Pac. 867].) The purchaser was found, and negotiations were begun within the time limit. It is immaterial that they were not fully consummated until afterward. (*Ropes* v. *John Rosenfeld's Sons,* 145 Cal. 671, 678, [79 Pac. 354].)

[4] Respondent urges, in support of the judgment, that the plaintiff has not exercised his option either by purchasing or offering to purchase the property for himself, or assigning the option to another. As we have pointed out, the agreement is more than an option. It is also, and was intended by the parties to be, an agreement to pay the plaintiff a commission for making a sale of the property. He assumed that he had performed the agreement. The defendant acknowledged that he had done so, and gave him the assurance that he would be paid the agreed compensation. It gave countenance to the construction placed upon the contract by the plaintiff, acquiesced in its fulfillment accordingly, received and retained the benefits to be derived therefrom. Under such circumstances it must be held to have waived and abandoned its right to impeach the transaction for some technical omission, after the plaintiff's position has so materially changed. (*Scott* v. *Jackson,* 89 Cal. 258, 262, [26 Pac. 898].)

The judgment is reversed. The action is remanded to the lower court with instructions to overrule defendant's demurrer to the amended complaint, permitting it to answer thereto within such time as may be proper.

Welch, J., *pro tem.,* and Richards, J., concurred.