### GATES v. CARBON HILL COAL CO.

(District Court, W. D. Washington, N. D. December 20, 1923.)

#### No. 7964.

Evidence ⊕═450(5)—Writing giving option to purchase timber at a certain price, less commission, held not so ambiguous, as to permit parol evidence to show it was not an option, but agency contract.

A writing in terms giving plaintiff an option for 10 days to purchase certain timber at a price of $3.50 per thousand, "less a commission to you of 25 cents a thousand," *held* not so ambiguous as to permit parol evidence to show that it was not an option, but a contract employing plaintiff as agent to make the sale on commission.

At Law. Action by B. E. Gates against the Carbon Hill Coal Company. On demurrer to amended complaint. Demurrer sustained.

Benton Embree, of Seattle, Wash., for plaintiff.
Donworth, Todd & Higgins, of Seattle, Wash., for defendant.

CUSHMAN, District Judge. Defendant demurs generally to the amended complaint. Plaintiff, a real estate broker, sues to recover a commission claimed to be due on account of his securing a pur-

chaser who was ready, able, and willing to purchase certain timber from the defendant. The contract, alleged to be one of employment, provides:

"Carbonado, Wash., July 2, 1923. Mr. B. E. Gates, Seattle, Wash.—Dear Sir: We hereby grant you an option for ten days to purchase all the timber on sections 5, 8, 16, and 17, Twp. 18, N., R. 6 E. W. M., at a price of $3.50 per thousand, less a commission to you of 25 cents a thousand. It is understood that we may retain up to 3,000,000 feet of this timber. Carbon Hill Coal Co., by R. J. Wulzen, Mgr."

The Washington statute (Rem. Comp. Stat.) provides:

"Sec. 5825. *Contracts, etc., void unless in writing.* In the following cases specified in this section, any agreement, contract and promise shall be void, unless such agreement, contract or promise, or some note or memorandum thereof, be in writing, and signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized, that is to say:
"(1)   *   *   *
"(2)   *   *   *
"(3)   *   *   *
"(4)   *   *   *
"(5) an agreement authorizing or employing an agent or broker to sell or purchase real estate for compensation or a commission."

The question is whether the contract, in terms an option to purchase, is rendered ambiguous by the words "less a commission to you of 25 cents a thousand." If so rendered ambiguous, it may be that plaintiff is entitled to show, as alleged, that the agreement made was actually one giving plaintiff an exclusive sales agency for 10 days. Doubtless the word "commission" ordinarily implies agency, but, when the parties have reduced the contract to writing, every word, term, and condition of which can be given effect as written, the court will not rewrite it. It is clear that, had the plaintiff exercised his option, he would have been entitled to deduct 25 cents per thousand from the stated price of $3.50, even though called in the contract a "commission," for such intent is clearly shown.

The word "commission" may not be the most apt to describe such a deduction from a stated price, but its use does not create such a doubt as would authorize the court to make an entirely new contract, one directly at variance with one of the terms of the writing. Contracts are written by men of all grades of intelligence, and a rule that the use of an inapt word occurring in a written contract is sufficient to overturn the contract, for the purpose of rewriting it, and thereby make of a written contract to sell to one an oral contract to sell to another, is beyond the power of the court.

None of the cases to which the court has been referred, including the following, go the length that the court is now asked to go, in allowing oral testimony as to the intent of the parties to a written contract: De La Questa v. Armstrong Holdings Co., 48 Cal. App. 487, 192 Pac. 135; Axe v. Tolbert, 179 Mich. 556, 146 N. W. 418; A. Magnus Sons Co. v. Orey (C. C. A.) 287 Fed. 1.

The demurrer will be sustained.