[Civ. No. 17761. Second Dist., Div. Three. Feb. 16, 1951.]

ANN SMITH BRADNER, as Executrix, etc., Appellant, v. ANSELMO M. VASQUEZ et al., Respondents.

Michael F. Shannon and Thomas A. Wood for Appellant.

Burke, Marshall & Burke and Harry C. Williams for Respondents.

VALLÉE, J.—Appeal by plaintiff from a judgment entered pursuant to an order sustaining without leave to amend the demurrer of defendants to plaintiff's second amended complaint in an action to recover attorney's fees. Plaintiff died after the appeal was perfected and the executrix of his will has been substituted in his place.

The second amended complaint alleged these facts. Plaintiff

is an attorney at law. On November 10, 1941, plaintiff and defendants entered into the following written contract:

"Mr. & Mrs. Anselmo M. Vasquez
3161 Winter Street
Los Angeles

Dear Mr. & Mrs. Vasquez:

"Relative to our conversation of recent date, it is my understanding that we agreed as follows:

"I am to attend to all of your business affairs connected with the Ohio Oil Company and Havenstrite Operator, together with preparing income tax returns and advice as to investments, for 10% of all the moneys received by you from the Ohio Oil Company and Havenstrite Operator for oil and from casinghead gasoline and dry gas.

"It is realized by me that my compensation in the near future will be rather small, but as more wells are developed, I will be more adequately compensated.

"It is understood that this arrangement shall cease and determine upon my death.

"Will you kindly sign the duplicate copy of this letter and return it to me.

Very truly yours,

B. J. Bradner

B. J. BRADNER

Accepted:

Anselmo M. Vasquez
Anselmo M. Vasquez

Bertha R. Vasquez
Bertha R. Vasquez"

Plaintiff and defendants performed all the terms and conditions of the contract until August 9, 1949. On August 9, 1949, defendant Anselmo M. Vasquez, and on August 31, 1949, defendant Bertha R. Vasquez, without cause, repudiated the contract and notified plaintiff they were no longer bound by it and would no longer make the payments therein provided. Plaintiff is, and at all times has been, ready, willing and able to perform all of the terms and conditions of the contract on his part to be performed. Defendants have not made the payments provided by the contract since they repudiated it, to plaintiff's damage in an alleged sum.

The parties agree that the demurrer was sustained on the ground that the contract does not fix any time for its duration

and that therefore defendants had a right to terminate it at will.

We shall consider first the questions which the parties argue in their briefs and which they contend are determinative as to the sufficiency of the complaint. The first calls for the construction to be given to the sentence "It is understood that this arrangement shall cease and determine upon my death," considering the contract as a whole.

"A contract must receive such an interpretation as will make it lawful, operative, definite, reasonable, and capable of being carried into effect, if this can be done without violating the intention of the parties. (Civ. Code, sec. 1643.) An interpretation which gives effect is preferred to one which makes void. (Civ. Code, sec. 3541.)" (*Long Beach Drug Co.* v. *United Drug Co.*, 13 Cal.2d 158, 166 [88 P.2d 698, 89 P.2d 386].) By its terms, the contract is to "cease and determine" upon the death of plaintiff. The word "cease" is defined to mean: "To come to an end; to stop; to leave off or give over; to desist. . . . To put a stop to. . . . To cause to stop or desist from some action. To bring to an end; to discontinue or leave off." (Webster's International Dict., 2d ed.) Webster says that "cease" applies "to that which is thought of as *being*." The antonym of cease is "continue." (Webster's Dict. of Synonyms, 1st ed.) The word "determine" is defined to mean: "To set bounds or limits to; . . . to limit in extent, scope, etc. . . . To put or set an end to; to bring to a close; to terminate." (Webster's International Dict., 2d ed.) "Upon my death" means at the time of my death. (*In re Melcher*, 24 R.I. 575 [54 A. 379, 380]; *Miller* v. *Oliver*, 54 Cal.App. 495, 498, 499 [202 P. 168].)

In *Thomason* v. *Ruggles*, 69 Cal. 465, 470 [11 P. 20], it was held that the word "cease" as used in Article 22, section 1 of the Constitution meant that the Constitution "did away with" all laws then existing "which are inconsistent with this constitution." In *Oakland Paving Co.* v. *Hilton*, 69 Cal. 479 [11 P. 3], referring to the same provision of the Constitution, the court said, page 485: "When we say ceased, we mean it went out of existence, as if repealed by a valid act of the legislature. When it ceased to have existence it was recalled or revoked." (See, also, *Macdonald* v. *Aetna Indemnity Co.*, 90 Conn. 226 [96 A. 926, 927]; *Lantz* v. *Vermont Life Ins. Co.*, 139 Pa. 546 [21 A. 80, 82, 23 Am.St.Rep. 202, 10 L.R.A. 577].) The necessary implication from these

cases is that the word "cease" connotes the end of something which then exists.

■ The sentence in question says that "this arrangement shall cease and determine upon my death." The arrangement —the contract—is to stop, come to an end, be discontinued at the time of Mr. Bradner's death. An arrangement cannot stop and come to an end unless it is then in existence. One cannot "stop" or "cease" doing a thing unless he is doing it at the time. There must be a beginning and a continuance before an end. In the words of the Supreme Court in *Oakland Paving Co.* v. *Hilton, supra,* 69 Cal. 479, the contract is to cease "to have existence" upon the death of Mr. Bradner. Applying the word "continue," the antonym of "cease," the contract is to continue up to that time. The sentence manifestly means that the arrangement shall continue and be in existence until, and will come to an end at the time of, the death of Mr. Bradner. The contract thus fixes a definite period for its duration and a specific time for its termination.

■ Defendants argue that the sentence in question is a condition subsequent or a conditional limitation, merely the expression of a condition or event which will terminate the contract, that "upon my death" is "an event which will bring it to an end, if it still exists when the event happens." The argument is fallacious because the law, a part of the contract, provides that death of an employee terminates the employment (Lab. Code, § 2920), and that death of an agent terminates the agency. (Civ. Code, § 2355.) To give this construction to the contract would render the sentence meaningless surplusage and, when considered with the contract as a whole, unreasonable. A contract must receive such an interpretation as will make it reasonable. (Civ. Code, § 1643.) It must be presumed that the parties meant something by the language used. (*Bader* v. *Coale,* 48 Cal.App.2d 276, 279 [119 P.2d 763].)

■ In construing a contract, the duty of the court is first to attain an understanding of the purpose and object of the writing, and next to give to that purpose and object the fullest effect compatible with the meaning of the language through which that purpose and object find expression. Words, phrases and sentences are to be construed in contemplation of those fundamental purposes and objects. (*Perry* v. *Gross,* 172 Cal. 468, 469 [156 P. 1031].) ■ A contract entered into for the mutual material benefit of the parties, such as was the contract in the present case, is to be construed so

as not to defeat those objects when such construction is reasonably deducible from its terms. (*Daniel* v. *Calkins*, 31 Cal.App. 514, 517 [160 P. 1082].) ■ When the language of a contract is not absolute, the intention is to be ascertained by a consideration of the situation of the parties, and the character and condition of the subject matter. (*Shoemaker* v. *Acker*, 116 Cal. 239, 243 [48 P. 62].) In *Miller* v. *Miller*, 10 Cir., 134 F.2d 583, the contract did not expressly fix any period for its duration. In holding that the period could be inferred by necessary implication the court said, page 588: "It is a fundamental and well recognized rule that in construing contracts, courts must look not only to the specific language employed, but also to the subject matter contracted about, the relationship of the parties, the circumstances surrounding the transaction, or in other words place themselves in the same position the parties occupied when the contract was entered into, and view the terms and intent of the agreement in the same light in which the parties did when the same was formulated and accepted. [Citations] . . . If, however, a period of duration can be fairly implied from the nature of the contract, its subject matter, and the relationship of the parties, the contract is not terminable at the pleasure of either party and the court will give effect to the manifest intent of the parties. 17 C.J.S., Contracts, sec. 398."

■ Considering the contract in its entirety, and giving every part some effect, although the immediate subject of our present inquiry is the meaning of an isolated sentence, it appears patent that the parties intended that the contract should not be terminable at will but that it should terminate upon the death of Mr. Bradner. The contract provides that Mr. Bradner will perform specified services for defendants. It provides that defendants will pay Mr. Bradner a specified consideration for the services. It then says, "It is realized by me that my compensation in the near future will be rather small, but as more wells are developed, I will be more adequately compensated." It is clear that the amount of money to be received pursuant to its terms is variable; that Mr. Bradner's compensation in the beginning will be inadequate —will not compensate him for the services rendered; that it will take time before he will be adequately compensated— before the compensation he will receive measures up to the services performed. It is obvious that the parties contemplated that Mr. Bradner's compensation was to increase as production increased. This could only come about if the contract

continued in force and effect. It could not be done if the contract was terminable at will. It certainly cannot be said to have been the intention of the parties that defendants were to have the benefit of Mr. Bradner's services and not adequately compensate him therefor, or that Mr. Bradner was to perform services for which he would not be compensated, which would have been the case if the contract was terminable at will. It would be unreasonable to construe the sentence in question apart from the remainder and to hold that because the contract, by reason of the law, would, in any event, terminate upon Mr. Bradner's death, the sentence is surplusage and the contract does not fix a period for its duration.

We cannot agree with the further contention of defendants that the contract is fatally defective merely because it does not provide a time presently definite for its termination. A contract is not fatally defective merely because it does not provide a time presently definite for its termination. (*Long Beach Drug Co.* v. *United Drug Co.*, 13 Cal.2d 158, 165 [88 P.2d 698, 89 P.2d 386].) Words which fix an ascertainable event, by which the term of a contract's duration can be determined, make the contract definite and certain in that particular. (12 Am.Jur. 559, § 68; *Sutliff* v. *Seidenberg, Stiefel & Co.*, 132 Cal. 63 [64 P. 131, 469]; *Noble* v. *Reid-Avery Co.*, 89 Cal.App. 75 [264 P. 341]; *Great Western etc., Inc.* v. *J. A. Wathen D. Co.*, 10 Cal.2d 442 [74 P.2d 745]; *Gallagher* v. *Equitable Gas Light Co.*, 141 Cal. 699 [75 P. 329]; *Wittmann* v. *Whittingham*, 85 Cal.App. 140 [259 P. 63]; *Ehrenworth* v. *Stuhmer & Co.*, 229 N.Y. 210 [128 N.E. 108, 13 A.L.R. 550].) If the duration of the contract is made to depend upon an event which, in the course of nature, must inevitably occur, it is definite and certain. (*Brown* v. *Odill*, 104 Tenn. 250 [56 S.W. 840, 841, 78 Am.St.Rep. 914, 52 L.R.A. 660]. See also *Brown* v. *Birmingham Water Works Co.*, 169 Ala. 230 [52 So. 915, 916, 32 L.R.A. N.S. 889]; *Hauser* v. *Harding*, 126 N.C. 295 [35 S.E. 586, 588]; *City of Superior* v. *Douglas County Telephone Co.*, 141 Wis. 363, 122 N.W. 1023, 1027, 45 L.R.A. N.S. 664].) In *Gunnison* v. *Evans*, 136 Kan. 791 [18 P.2d 191, 193], the court held that a contract which permitted the defendants to occupy and use premises as long as they wished was not of uncertain duration but was for life. The fact that in some of the cases to which we have referred the contract contained the words "as long as" or "so long as" does not, as defendants argue, detract from

their applicability. In each of the cases mentioned the contract did not, as the contract here does not, specify a time presently definite for its termination. The duration of the contract in the present case is made. to depend upon the death of Mr. Bradner, an event which in the course of nature must inevitably occur. It is, therefore, definite and certain.

We think, for an additional reason, that the term for which the parties obligated themselves was definitely stated in the contract. It was provided that Mr. Bradner was to attend to all the business affairs of his clients with Ohio Oil Company and Havenstrite Operator. As long as there was business to attend to he was obligated to render his services. The term of the contract was quite definite. There was no uncertainty as to the conditions under which Mr. Bradner was to render services and Mr. and Mrs. Vasquez were to pay the agreed compensation for them. There was no limitation of these mutual obligations as long as the described conditions existed.

We hold that the second amended complaint states facts sufficient to constitute a cause of action.

Reversed.

Shinn, P. J., and Wood (Parker), J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied April 16, 1951.